DECISION
Before this Court is the plaintiff's motion to tax costs pursuant to Rule 56 (a) and G.L. 1956 § 9-22-5. The defendant has filed an objection to the items listed on the bill of costs except those of the Constable and the Superior Court filing fee.
 Facts and Travel
On November 30, 1998, Aloysius L. Murphy (plaintiff) prevailed after a jury trial. As prevailing party, the plaintiff now moves for an order requiring Marjorie Obert (defendant) to reimburse plaintiff for various costs therein incurred. Specifically, plaintiff requests the taxing of the cost for the Superior Court filing fee, the Constable, the attendance of Dr. Julius Stoll at his deposition, the cost of videotaping Dr. Stoll's deposition, the transcription of the deposition, and the expert fee for Dr. Stoll's testimony at trial. The defendant objects to the taxation of all costs except those of the filing fee and Constable.
 The Taxation of Costs
Rhode Island General Laws 1956 § 9-22-5 provides: "In civil actions at law, the party prevailing shall recover costs, except where otherwise specifically provided, or as justice may require, in the discretion of the court." As defined by our state Supreme Court, "costs are normally considered the expenses of suing another party, including filing fees and fees to serve process." Kottis v. Cerilli, 612 A.2d 661, 669 (R.I. 1992).
"Fees to pay expert witnesses would not be included in this definition of costs." Id. As is true in "any other ascertainment of costs, discretion is conferred upon the trial justice in apportioning costs." Sleboda v. Heirs At Law of Harris,508 A.2d 652, 659 (R.I. 1986). Accordingly, this Court denies the plaintiff's request for expert witness fees.
Furthermore, Rule 54 of the Superior Court Rules of Civil Procedure, as well as G.L. 1956 §§ 9-22-5 and 9-22-21, leaves to a trial justice's discretion the decision to allow or disallow costs, including costs for depositions. Bielecki v. Boissel,715 A.2d 571, 575 (R.I. 1998). The trial justice has discretion to determine whether pretrial depositions or other costs were reasonably necessary and, therefore, whether costs should be allowed for those particular items. Id. G.L. 1956 § 9-22-21
provides that
 "[t]he taxation of costs in the taking of depositions shall be subject to the discretion of the court. No costs shall be allowed unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at the trial. Taxable costs may include the cost of service of subpoena upon the deponent, the reasonable charge of the officer before whom the deposition was taken, the fees and mileage allowances of witnesses, the stenographer's reasonable fee for attendance, and the cost of the transcript of the testimony or such part thereof as the court may fix."
Rule 54 (d) provides that ". . . [a] copy of the bill of costs,specifying the item in detail, and a copy of any supporting affidavits shall be served with notice" by the prevailing party. (Emphasis added). "If objected to, the taxation of costs in the taking of depositions shall be subject to the discretion of the court. In case of such objection, no costs shall be allowed unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at the trial." R.C.P. 54 (e) In its determination of whether to permit or deny the request for certain costs, this Court may examine the nature of the cost and determine if it was necessary for the presentation of the case. The duplicative or cumulative nature of the work product may also be considered by the Court.
This Court has carefully reviewed the plaintiff's bill of costs. It is undisputed that the plaintiff is entitled to the costs associated with the Superior Court filing fee and the Constable. This Court also finds that the deposition of Dr. Stoll was reasonable and necessary for the preparation of this case, given the possibility that Dr. Stoll may have been unavailable at the time of trial and that he was present at the deposition for 70 minutes. Therefore, this Court awards the plaintiff the $500 fee associated with Dr. Stoll's appearance at the deposition. Since the deposition cost was reasonable, this Court finds that the plaintiff is entitled to the $200, charged by Callaghan Reporting, which the plaintiff expended to have a stenographer present at the deposition and to the have the deposition transcribed.
Furthermore, this Court denies the plaintiff's request to tax costs regarding the expense of videotaping the deposition of Dr. Stoll and the expense entitled "Woods Reporting." The request for reimbursement for the cost of videotaping the deposition is denied. This Court finds said cost to be duplicative given the fact that a stenographer was present and the deposition was transcribed. Additionally, the cost associated with "Woods Reporting" is denied for failure to comply Rule 54 (d), which requires "[a] copy of the bill of costs, specifying the item in detail. . . ." Said cost failed to specify to this Court and opposing counsel to what aspect of the case the charge of $96.75 relates.
For the reasons herein above set out, the costs for the Superior Court filing fee, the Constable, Dr. Stoll's deposition, and Callaghan Reporting are allowed and the costs for videotaping the deposition, Wood's Reporting, and Dr. Stoll's fee for testifying at trial are denied. Counsel shall prepare the appropriate order in accordance with the above decision.